PAULI, APPELLANT, *v.* KELLER ET AL., APPELLEES.

[Cite as Pauli v. Keller, 20 Ohio App. 2d 33.]

(No. 3451—Decided October 6, 1969.)

*Mr. Sherlock H. Evans,* for appellant.
*Mr. Richard F. Maier,* for appellees.

PUTMAN, J. This appeal was heard on questions of law from a judgment of the Court of Common Pleas of Stark County dismissing plaintiff's action after sustaining a demurrer to his "supplemental application" on the ground it did not state facts sufficient to show a cause of action.

The original action, commenced in 1951, was one in equity decided by the Common Pleas Court on July 12, 1954, and adjudicated *de novo* by this court on an appeal on questions of law and fact on June 16, 1955.

The entries of both courts respecting the matters involved and here in dispute are identical.

In substance they established the rights of the parties to a verbal contract in which plaintiff, appellant herein, was given the right to occupy and improve certain land in Stark County.

On October 20, 1967, some twelve years after this appellate court's journal entry in the *de novo* appeal, the plaintiff filed in Common Pleas Court what he styled a "supplemental application seeking declaratory judgment and further relief," claiming, *inter alia*, that the Common Pleas Court had retained continuing jurisdiction over this matter in equity.

Plaintiff cites no authority for his claim that a Common Pleas Court could, assuming it tried, retain jurisdiction in equity over a matter concerning which an appellate court had rendered a judgment in equity acting as a trial court *de novo* on an appeal on questions of law and fact.

We find no such authority.

Appeal to the Court of Appeals on questions of law and fact terminates the jurisdiction of the trial court. *Bassett* v. *Daniels* (1858), 10 Ohio St. 617; *Simpson* v. *Daniels* (1858), 10 Ohio St. 620.

Plaintiff cites no authority for his claim that the judgment of a Court of Appeals is a proper subject for declaratory judgment by a Common Pleas Court, nor do we find any.

We find no error in what the Common Pleas Court did in dismissing plaintiff's case upon sustaining the demurrer to his pleading, and would feel justified in a brief memorandum of affirmance.

However, the parties, through counsel, have stated in open court that the dispute exists, that it is delaying the administration of an estate, that the parties are elderly,

and that the matter will surely come back to this court unless settled now.

We hold that because of the "modern courts" amendment to the Ohio Constitution, we are not required to say, in substance:

"For reasons which are known only to those learned in the law we cannot tell you the answer now. You must come back again many months and dollars later along a path we cannot disclose but which you must discover. If you choose correctly, we will tell you then what we now believe to be obvious to all."

We hold the constitutional amendment was calculated in this particular to avoid the great loss in time and treasure occasioned by litigation formerly made necessary by technicalities in procedure.

For this reason, we exercise the original jurisdiction upon review given this court by the "modern courts" amendment to the Ohio Constitution (Section 3, paragraph (B), (1), (F), Article IV, effective May 7, 1968. See *Euclid* v. *Heaton*, 15 Ohio St. 2d 65) and adjudge and decree the court's former entry to have the meaning hereinafter indicated.

The dispute between the parties focuses upon whether the lease is terminated and the right given by this appellate court (see appellate Journal, Volume G, page 396) in an entry more than a decade ago to the then and now plaintiff as follows:

"That if said lease is not terminated prior to the death of the defendant, Ben F. Keller, plaintiff, at that time, shall have the first right and option to purchase all of said one-acre tract with the exception of the rectangular portion thereof lying east of said curbing, approximately 70 by 180 feet, at the appraisal value of that *land only*, at the time of the death of the defendant, Ben F. Keller." (Emphasis added.)

Ben F. Keller died testate leaving his entire estate to his widow, Ruth Keller. On May 12, 1967, his will was admitted to probate in Stark County, and his estate proceedings are now pending.

The plaintiff, who won the case before and secured the order he now seeks "clarified," claims it contemplates a judicial sale proceeding in Common Pleas Court in which that court is to select and supervise appraisers to make the "appraisal."

The defendant who lost the original action in both this court and the court below says the matter is *res judicata* and the entry of this court (which was the result of a *de novo* proceeding and used the same words and figures as the Common Pleas journal entry) means that the plaintiff shall have a first right and option to purchase at the appraisal value made in the regular course of probate proceedings.

We agree with defendant. Recognizing that the words are not the words of a contract or lease but legal words of art chosen by judges and spoken in a judicial proceeding for the purpose of conveying meaning to lawyers and other judges in years to come, we find the meaning of the words used considered in context clearly to exclude any other meaning.

First of all, the language used refers to a "first" right and option to purchase at the time of death. Unless there is a sale in Probate Court there is no "second" right to purchase land of a decedent.

Secondly, absent the language selected by the court in this entry, the only person who would have any right to purchase land at the "appraisal value" owned by a decedent at the time of his death is his widow in the course of the administration of the estate in Probate Court.

Section 3, Paragraph B, (1), (F), Article IV of the Ohio Constitution adopted by the people of this state effective May 7, 1968 (See *Euclid* v. *Heaton*, 15 Ohio St. 2d 65), gives this court original jurisdiction "In any cause on review as may be necessary to its complete determination."

We find it necessary to a complete determination of this cause on review to declare the meaning of the former orders of both courts to be that jurisdiction in equity was not retained, that "appraisal value" meant the appraisal made according to law in the probate proceedings

of the estate of defendant, Ben F. Keller, and that the lease was in any event to terminate upon the death of defendant, Ben F. Keller.

Therefore we adjudge:

a. The lease is now terminated.

b. Plaintiff has a right to buy the premises described, together with the improvements thereon.

c. The price he will pay under this right is the value fixed for the land only by the probate appraisal in the estate of defendant, Ben F. Keller, now pending in Stark County.

The judgment of the Court of Common Pleas is affirmed, except as to the matter herein adjudicated.

*Judgment accordingly.*

VAN NOSTRAN, P. J., and RUTHERFORD, J., concur.